MEMORIAL PARK et al. v. VAUGHN et al.

No. 30305. April 14, 1942.

Rehearing Denied June 16, 1942.

*126 P. 2d 711.*

Tom Durham, of Tulsa, for plaintiffs in error.

Marvin T. Johnson, of Tulsa, for defendants in error.

CORN, V. C. J. This is an action by Lolita May Vaughn, nee Murdock, Cathleen C. Murdock, and John Thurman Murdock against Memorial Park, an express trust, and Frank Frantz, T. H. Steffens, and Tom D. Durham, trustees, to recover the value of stock or units in said express trust. Judgment was for the plaintiffs, and defendants appealed. For convenience we continue to refer to the parties herein as they appeared in the trial court.

Memorial Park, a trust estate, was created by a written declaration of trust on April 21, 1927, by C. W. Beck, to engage in the cemetery business in Tulsa, Okla. H. D. Murdock subscribed for 30 shares, or units, in said express trust, and thereafter certificates were issued to the above-named plaintiffs to the extent of ten shares each, aggregating the amount of said subscription. Said certificates were issued by C. W. Beck, as sole trustee.

The trust was operated by Mr. Beck as sole trustee until 1932, at which time a suit was filed in the district court of Tulsa county, predicated upon the incorrect theory that a cemetery business could not be legally operated for private profit, and that therefore the express trust was illegal and void. Claus v. Harden et al., 185 Okla. 417, 93 P. 2d 531; New York Casualty Co. v. Day, Adm'x, 185 Okla. 581, 95 P. 2d 95. However, on December 20, 1932, a contract was entered into by the parties to the litigation, by which it was agreed that C. W. Beck would resign as trustee and that a new, nonprofit association would be organized to carry on the business. It was agreed in said contract, with reference to shares owned by third parties, as follows:

"As to shares of Park and/or Association owned by third parties not herein mentioned or described, Park and Association agree to pay to said owners One Hundred Dollars ($100.00) for each share owned plus interest at the rate of six per cent (6%) per annum from the date of acquisition to time of complete payment."

Thereafter judgment was entered in said case recognizing said contract wherein it was determined that a new, nonprofit association be organized. Said judgment was entered on January 6, 1933, and contained a provision as follows:

"The court further finds that certain debtors of said Memorial Park, a Trust Estate, have agreed to pay the indebtedness due Memorial Park, a Trust Estate,

out of a percentage of income commencing April 1, 1933, and permit supervision of their affairs until said amounts have been paid, together with interest at the rate of four (4) per cent per annum from November 1, 1932, until paid, the entire amounts due in all events to be paid within five (5) years."

The certificates owned by the plaintiffs disclose that shareholders owned no interest in the property of the express trust, but were entitled only to participate in dividends earned by the business. The plaintiffs were not parties to the case above referred to, and had no knowledge of the contract and the judgment until about 60 days after the judgment was entered. Upon receiving this information they made demand upon the trustees of the new association for the face value of their certificates, together with 6 per cent interest thereon. Thereafter there were numerous conferences in regard to the payment of these certificates, covering a period of years, during which time the trustees of the new association asked for more time in which to pay the plaintiffs, in accordance with the plan approved and adopted by the court in said judgment. Payment not having been made, the plaintiffs brought this action in September, 1938, to recover the face value of their certificates, together with 6 per cent interest thereon. They based their claim upon the contract and judgment above referred to as well as the certificates, and recovered judgment for the full amount thereof, with interest as prayed.

The defendants contend that the plaintiffs are not entitled to recover, either upon the certificates or upon the contracts, because of the theory that, as certificate holders, they are merely members of the trust and not creditors of the trust estate, and that Memorial Park, the original trust, was under no obligation to purchase or redeem the certificates, and therefore its successor, Memorial Park Association, and its trustees, were under no obligation under the contract to purchase or redeem the same.

This contention cannot prevail in view of the finding of the trial court, and of the admissions in the record, that the fundamental character of the express trust was changed from a private profit, or business trust, to a public, nonprofit organization. The defendants' theory of the case, and the authorities cited, do not take into consideration this controlling feature of the case. The principle of law involved in this case is discussed in Thompson on Corporations (3rd Ed.) par. 411, §.516.

It is further contended by the defendants that, if the contract be construed to be for the use and benefit of plaintiffs, the action was not brought in time and was barred by the statute of limitations, the same not having been commenced within five years from the date of the contract.

Under this proposition the assertion is made that the contract specifies no time for payment, and that in such case the statute of limitations would commence to run from the date of the contract. 15 O. S. 1941 § 173 is relied upon as setting in motion the statute of limitations as of the date of the contract, the same being as follows:

"If no time is specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly, as for example, if it consists in the payment of money only, it must be performed immediately upon the thing to be done being exactly ascertained."

This provision of the statute cannot be made to apply to the contract under consideration, for the reason that said contract clearly contemplates that the defendants should have five years in which to make the payments, and the plaintiffs had the right to rely upon this provision of the contract that the defendants would discharge the obligation within that time. The record discloses that the five-year period ended December 20, 1937, and that this action was commenced by the plaintiffs September 15, 1938.

Judgment affirmed.

WELCH, C. J., and OSBORN, GIBSON, and ARNOLD, JJ., concur. RILEY, J., dissents. BAYLESS and DAVISON, JJ., absent. HURST, J., not participating.

---

RILEY, J. (dissenting). I dissent, under the view that the cause of action was barred by the statute of limitations, in that the creditors of the old trust had, under the prior judgment, no specific time fixed for payment of their liquidated claim, and now those claims are barred by express statute and the lapse of time.